UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| COREY SHEPARD, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:09-CV-353-TS |
| | ) | |
| G. MIKULICH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

On October 21, 2009, Plaintiff Corey Shepard, who is proceeding pro se in this matter, filed a Complaint pursuant to 42 U.S.C. § 1983. The Plaintiff named three Defendants: two police officers and Lake County Superior Court Judge Julie N. Cantrell. On March 31, 2010, Judge Cantrell filed a Motion to Dismiss [DE 12] and Brief in Support of Motion to Dismiss [DE 13]. Judge Cantrell submits that dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) because the Plaintiff's Complaint does not state a plausible claim for relief, because she is entitled to judicial immunity, and because the doctrine of sovereign immunity is a bar to any claim against her in her official capacity. The Plaintiff has not filed a response.

**DISCUSSION**

A plaintiff's complaint must "provide a 'short and plain statement of the claim showing that the pleader is entitled to relief' that is also sufficient to provide the defendant with 'fair notice' of the claim and its basis." *Windy City Metal Fabricators & Supply, Inc. v. CIT Technical Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and Fed. R. Civ. P. 8(a)(2)). To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that a "government official, acting under color of state law, deprived [him]

of a right secured by the Constitution or laws of the United States." *Estate of Sims ex rel. Sims v. County of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007). Dismissal is proper "if the complaint fails to set forth 'enough facts to state a claim to relief that is plausible on its face.' " *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 570); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In addition, a count may be dismissed under Rule 12(b)(6) if "it would be necessary to contradict the complaint in order to prevail on the merits." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008) (stating that "[i]f the plaintiff voluntarily provides unnecessary facts in her complaint, the defendant may use those facts to demonstrate that she is not entitled to relief"). The Court will review the pro se Plaintiff's Complaint more liberally than it would one that was drafted by a trained attorney. *See Erickson v. Pardus*, 551 U.S. 89 (2007).

The Plaintiff alleges that Judge Catrell used racial profiling to triple his bond and that she lied about an attorney being a public defender. The Plaintiff asks that he be given a chance to prove that he "did nothing like [one of the arresting officers] said," but does not specify the relief he seeks against Judge Cantrell. (Compl. 3.)

A § 1983 suit against a government official in his personal or individual capacity for actions taken under color of state law seeks to impose personal liability on the official. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1237 (7th Cir. 1986). Such an official may raise any applicable personal immunity defenses. *Id.* at 1237–38. State judges and courts are entitled to absolute immunity from damages claims for judicial acts regarding matters within the court's jurisdiction. *Stump v. Sparkman*, 435 U.S. 439, 364 (1978); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001) (noting that judges are entitled to absolute immunity from damages for their

judicial conduct). The Seventh Circuit explained judicial immunity in *Brokaw v. Mercer County*, 235 F.3d 1000 (7th Cir. 2000):

> The principle of judicial immunity recognizes that "[a]lthough unfairness and injustice to a litigant may result on occasion, it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Mireles v. Waco,* 502 U.S. 9, 10 (1991). Thus, judges are not liable in civil actions for their judicial acts unless they have acted in the clear absence of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Moreover, a judge will not be deprived of immunity even if the action was in error, was done maliciously, was in excess of his authority, *id.,* and even if his exercise of authority is flawed by the commission of grave procedural errors. *Id.* at 359.

*Brokaw*, 235 F.3d at 1015 (parallel citations omitted).

The actions the Plaintiff complains of in his Complaint fall within the protection of judicial immunity. Judge Cantrell was acting in her judicial capacity when she set the Plaintiff's bond and advised him of any rights regarding the appointment of counsel. Thus, any claim against Judge Cantrell in her individual capacity for damages must be dismissed.

The Defendant argues that an official capacity claim would be barred by the doctrine of sovereign immunity. The Court declines to address this defense because the Plaintiff's factual allegations, and the reasonable inferences to be drawn from those allegations, do not provide fair notice of any other claims against Judge Cantrell, including any claim against her in her official capacity or claim for injunctive relief.

## CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss [DE 12] is GRANTED. The Plaintiff's claim against Defendant Julie N. Cantrell is dismissed.

SO ORDERED on July 7, 2010.

                                                s/ Theresa L. Springmann
                                                THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT
                                                FORT WAYNE DIVISION